**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TENNESSEE**

LARRY BLUE and SANDRA BLUE

     Plaintiffs,

v.

M & J LODGING LLC, d/b/a LA QUINTA INN &
SUITES MEMPHIS AIRPORT GRACELAND; LA
QUINTA FRANCHISING  LLC;  MINESH PATEL;
AND JAGRUTI PATEL,
     Defendants.

Case No.:

**PLAINTIFF'S COMPLAINT &**
**DEMAND FOR JURY TRIAL**

COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff Larry Blue alleges as follows:

INTRODUCTION

1.     This personal injury action is brought for injuries to Larry Blue as a result of

using Defendants' unreasonably dangerous and negligently maintained property at 2979

Millbranch Rd, Memphis, TN 38116.

JURISDICTION & VENUE

2.     Jurisdiction is found upon diversity of citizenship under 28 U.S.C. § 1332 (a).

Plaintiff Larry Blue is a citizen of Indiana. Defendant La Quinta Franchising LLC is, upon

information and belief, a business entity with corporate headquarters based in Irving, TX.

Defendant M & J Lodging LLC is a Tennessee limited liability company. Defendants Minesh

Patel and Jagruti Patel are both residents of Mississippi.

1

3.      Venue is appropriate in the Western District of Tennessee under 28 U.S.C. § 1391(b) (1-2).  The events relevant hereto took place in Memphis, TN.

4.      The amount in controversy exceeds the sum of $75,000.00 exclusive of interest and costs.

<u>PARTIES</u>

5.      Plaintiffs Larry Blue and Sandra Blue are adults residing at 301 E. Hudson St., Nappannee IN 46550.

6.      Defendant M & J Lodging LLC, trading as La Quinta Inn & Suites Memphis Airport Graceland ("Defendant M & J Lodging LLC"), is a limited liability company duly organized under the State of Tennessee with its principal place of business located at 2979 Millbranch Road, Memphis, TN 38116. Upon information and belief, at all relevant times herein, Defendant M & J Lodging LLC was the owner, co-owner, operator, and/or manager of a hotel trading as La Quinta Inn & Suites Memphis Airport Graceland, located at 2979 Millbranch Road, Memphis, TN, 38116. Its registered agent for service of process is Minesh Patel, who may be served with process at 2979 Millbranch Road, Memphis, TN, 38116.

7.      Defendant La Quinta Franchising LLC is a limited liability company duly organized under the state of Nevada with its principal place of business located at 909 Hidden Ridge, Suite 600, Irving Texas, 75038. Upon information and belief, at all relevant times herein, Defendant La Quinta Franchising Inc. was the franchisor of a hotel known as La Quinta Inn & Suites Memphis Airport Graceland, located at 2979 Millbranch Road, Memphis, TN 38116. Defendant La Quinta Franchising LLC is licensed to do business in Shelby County, Tennessee. Its registered agent for service of process is Corporation Service Company, 2908 Poston Avenue, Nashville, TN, 37203-1312.

2

8.     Defendant Minesh Patel is an adult resident citizen of DeSoto County, Mississippi, residing therein at 5285 Meadow Pointe Drive, Southaven, Mississippi 38672. Upon information and belief, at all times relevant times herein, Defendant Minesh Patel was the owner, co-owner, operator and/or manager of M & J Lodging LLC.

9.     Defendant Jagruti Patel is an adult resident citizen of DeSoto County, Mississippi, residing there in at 5285 Meadow Pointe Drive, Southaven, Mississippi 38672. Upon information and belief, at all relevant times herein, Defendant Jagruti Patel was the owner, co-owner, operator and/or manager of M & J Lodging LLC.

<u>FACTS</u>

10.     From July 27 to July 29, 2016, Mr. Blue was a paying guest and business invitee of the La Quinta Inn & Suites Memphis Airport Graceland (Herein after referred to as the "Hotel").

11.     During this time, Defendant furnished guests of the Hotel with showers, faucets, and other water systems, the water of which was intended for the use and consumption of guests generally. Plaintiff made use of all of these facilities.

12.     Plaintiff use during his stay of the potable water system of the Hotel, including the showers, bathtubs, faucets, sinks, and other fixtures. During the normal course of use, water from the potable water systems was heated and the water therein was caused to steam, vaporize, and become aerosolized. Upon information and belief, the *Legionella* bacteria that were present in the potable water system were inhaled and ingested by the plaintiff.

13.     On August 6, 2016, Mr. Blue began to experience symptoms consistent with Legionnaires' disease. He experienced these symptoms, including shortness of breath, coughing, chills, diarrhea and abdominal pain, lethargy and weakness, and fever of up to 104.9 degrees,

well within the incubation period of Legionnaires' disease after his exposure at the La Quinta. He was diagnosed with Legionnaires' disease by urinalysis on August 10, 2016.

14.    On August 9, 2016, Mr. Blue was admitted to Mercy Health Muskegon Hospital in Muskegon, MI.  He remained there undergoing treatment for this disease until his discharge on August 15, 2016.

15.    In October 2016, Mr. Blue received a letter from the Shelby County Health Department informing him that "guests of the La Quinta Inn & Suites, 2979 Millbranch Road, Memphis, TN 38116 during the period of July 1 and September 22, 2016, were potentially exposed to Legionnaires' disease." On October 17, 2016, Mr. Blue was interviewed by a representative of the Shelby County Health Department concerning his involvement in the Legionnaires' disease outbreak at the La Quinta.

16.    The La Quinta Inn & Suites Memphis Airport Graceland is documented as having been the source of an outbreak of Legionnaires' disease which was investigated by government health departments.

17.    Upon information and belief Larry Blue contracted Legionnaires' disease at the La Quinta Inn & Suites Memphis Airport Graceland during the period of July 27-29, 2016. Legionnaires' disease was the direct and proximate cause of his becoming seriously ill, incurring significant medical bills, and enduring serious pain and suffering and loss of life's pleasures.

<u>Count I: NEGLIGENCE</u>

18.    Plaintiff incorporates by reference ¶¶ 1-17.

19.    As owner and operator of the premises, Defendants owed a duty to exercise due care for its guests by ensuring that the premises and the amenities therein were reasonably safe for use by members of the public.

20.    Moreover, Defendants were responsible for the inspection, repair, and maintenance of the potable water system and hot tub at the premises. It was the Hotel's duty as owner and operator of the premises to exercise due care in the maintenance of the water systems so as not to subject guests to unreasonable risks of harm.

21.    Defendants breached their- duty to Plaintiff in the following respects when it knew or should have known that its acts and omissions created an unreasonable risk of harm to its invitees:

> (a.)  In failing to adequately inspect the premises and their systems for dangerous conditions including, but not limited to, the presence of *Legionella* bacteria;

> (b.)  In failing to adequately inspect, monitor, and maintain the systems when such inspections, monitoring, and maintenance would have discovered the presence of *Legionella*.

> (c.)  In failing to properly train and supervise their employees or those to whom it had entrusted the care and maintenance of the water systems, and in particular in failing to train or instruct them to recognize the presence of *Legionella* bacteria and the risks such bacteria present;

> (d.)  In failing to adopt, enact, employ, and enforce proper and adequate maintenance programs, precautions, procedures, measures, and plans for the detection of *Legionella* in its systems;

> (e.)  In failing to warn invitees of the presence of *Legionella*;

> (f.)  In failing to perform and furnish services, including testing and proper maintenance of the potable water system, in conformity with the standard of care

then prevailing in the hospitality industry when such services would have disclosed the presence of *Legionella*;

(g.) In failing to have in force an inspection program of the water systems when such an inspection program would have disclosed the presence of *Legionella*;

(h.) In breaching their duty to provide a reasonably safe environment for its invitees; and

(i.) In failing to adequately treat their systems with chlorine or other biocidal chemicals.

22.     As a proximate cause of Defendants' breach of its duty to Plaintiff, the Plaintiff demands judgment against the Defendants in an appropriate amount and requests that Plaintiff be awarded compensatory damages including, but not limited to, damages for hospital and medical expenses, loss of income, and pain and suffering incurred as a result of the Legionnaires' disease that he contracted at the Hotel, as well as pre- and post-judgment interest, and such other relief as the law may allow.

## Count II: NEGLIGENCE *PER SE*

23.     Plaintiff incorporates by reference ¶¶ 1-22.

24.     Defendants owed a legal duty to guests and visitors at the Hotel, and specifically to the Plaintiff, to keep the potable water system reasonably safe for the activities for which it was regularly used and reasonably foreseen to be used.  This duty extended to the water in the hot tub.  Defendants breached their duty.

25.     As a proximate cause of Defendants' breach of their duty to Plaintiff, Plaintiff has sustained the serious injuries alleged above. Plaintiff therefore demands judgment against Defendants in an appropriate amount and requests that Plaintiff be awarded compensatory damages, as well as pre- and post-judgment interest, and such other relief as the law may allow.

Count V: PUNITIVE DAMAGES

26.     Plaintiff repeats, re-alleges, and incorporates by reference paragraphs 1 through 22 as contained hereinabove and further allege as follows:

27.     The Plaintiff is further entitled to an award of punitive damages because of the Defendants' wanton and reckless disregard and deliberate indifference of the safety of the Hotel and its potable water system for the invitees staying there. Such acts of wanton disregard, conscious disregard, and deliberate indifference include but are not limited to the following:

(a.)     Failure to adequately test the potable water system for *Legionella* prior to Plaintiff's stay;

(b.)     Failure to adequately maintain the potable water system in such a way as to prevent the propagation of *Legionella*;

(c.)     Failure to maintain documentation regarding maintenance scheduling, maintenance plans, water temperatures, free chlorine readings, construction changes, renovations, hot/cool water systems, plumbing, inspection reports, and any *Legionella* or general bacteria prevention plan;

(d.)     Failure to provide notice to guests and invitees of the presence of *Legionella* at the property and risk of exposure;

7

(e.)     Failure to adhere to strict remediation protocol in order to prevent further

colonization of *Legionella* bacteria.

28. Wherefore, for the foregoing reasons, Plaintiff demands judgment against Defendants for

punitive damages.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff demands a judgment as follows:

A.     Awarding the Plaintiff compensatory damages;

B.     Awarding the Plaintiff punitive damages;

C.     Awarding Plaintiff the costs expended in this action; and

D.     Awarding such other and further relief as is just and equitable.

**JURY DEMAND**

Plaintiff demands a trial by jury on all claims and issues so triable.

Respectfully submitted,

By:     s/Baker Yates_____

TENNESSEE LOCAL COUNSEL

Jules Zacher, Esq.
Attorney for Plaintiffs
Identification No. 20574